## Hugh Maloney and Elizabeth Maloney v. The Lafayette Building and Loan Association et al.

1.  MORTGAGES—*Taking Additional Security.*—The mere assignment of a lease as additional security does not operate as a discharge of or as a payment on a note of the assignor, nor .prevent the foreclosure of a mortgage given to secure such note.

**Bill,** for foreclosure.  Appeal from the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding.  Heard in this court at the October term, 1896.  Affirmed.  Opinion filed February 9, 1897.

WILLIAM E. HUGHES, attorney for appellants.

WILLIAM F. WIEMERS, attorney for The Lafayette Building and Loan Association, appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

This is an appeal from a decree foreclosing a mortgage made by appellants to a building and loan association.

It is urged that appellant Hugh Maloney was not in default, because he had assigned to the attorney of the association, he being also one of its directors, a lease of the mortgaged premises; one Peter Fortune, said to be a man of ample means, being a guarantor of the rent reserved in said lease.

It does not appear that the rent was received by the society; on the contrary, it seems that a brewing company, with which Mr. Fortune is connected, collected and has retained the same.

The mere assignment of this lease as additional security did not operate as a discharge of any of the obligations of Hugh Maloney, nor did the collection of rent by the brewing company, neither does it appear that either or both of these things should constitute payment by Hugh Maloney.

We find no error in the proceedings.

The decree of the Superior Court is affirmed.